JUDGE KOELTL

07 CV 10310

583-07MEU
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
HBC HAMBURG BULK CARRIERS GMBH & CO KG
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)

NOV 1 4 2007
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HBC HAMBURG BULK CARRIERS GMBH & CO KG,

                    Plaintiff,

      -against-

JOINT STOCK COMPANY BELARUSSIAN
SHIPPING CO. a/k/a BELARUSSIAN
SHIPPING CO.

                    Defendant.
-------------------------------------------------------------------X

07 Civ _____ (_____)

**VERIFIED COMPLAINT**

        Plaintiff, HBC HAMBURG BULK CARRIERS GMBH & CO KG (hereinafter "HBC")

for its Verified Complaint against Defendant JOINT STOCK COMPANY BELARUSSIAN

SHIPPING CO. a/k/a BELARUSSIAN SHIPPING CO. (hereinafter "BELARUSSIAN") alleges

upon information and belief as follows:

        1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract

of charter party.  This case also falls under this Court's admiralty and maritime jurisdiction

pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C.

§1331 in that the action arises under the New York Convention on the Recognition and

Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal

Arbitration Act, 9 U.S.C. §1 *et seq.*.

2.      At all times material hereto, Plaintiff HBC was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Hamburg, Germany.

3.      At all times relevant hereto, Defendant BELARUSSIAN was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address in Minsk, Belarus.

4.      On or about November 15, 2006, Plaintiff HBC, as owner of the M/V AL KHALIQ, entered into a maritime contract of charter party with Defendant BELARUSSIAN, as charterer.

5.      Plaintiff HBC duly tendered the vessel into the service of BELARUSSIAN and fully performed its obligations as required under the charter.

6.      At the conclusion of the charter period, Plaintiff HBC submitted a final hire statement to BELARUSSIAN showing a balance due in Plaintiff's favor in the amount of $20,636.49.

7.      In breach of the terms of the charter party, and despite due demand BELARUSSIAN has refused and/or otherwise failed to pay the amounts due and outstanding under the charter party, and the entire amount of $20,636.49 remains due and owing.

8.      The charter party provides for the application of English law and disputes between the parties may be resolved by arbitration in London, and HBC specifically reserves its right to arbitrate the substantive matters at issue.   Arbitration has been or will soon be commenced.

9.      This action is brought to obtain jurisdiction over BELARUSSIAN and to obtain security in favor of Plaintiff HBC in respect to its claim against Defendant and in aid of the London proceedings.

10.     Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs including attorney fees, arbitrators' fees, disbursements and interest are recoverable as part of Plaintiff's claim.

11.     This action is further brought to obtain security for any additional sums to cover Plaintiff's anticipated attorney and arbitrators' fees and costs in the London arbitration and interest, all of which are recoverable as part of Plaintiff's claim under English law.

12.     As nearly as can be best presently estimated, the legal expenses and costs of prosecuting the claim in London arbitration and interest on the damages claim are estimated to total $20,000.

### Request for Rule B Relief

13.     Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff believes that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant JOINT STOCK COMPANY BELARUSSIAN SHIPPING CO. a/k/a BELARUSSIAN SHIPPING CO. (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in its name and/or being transferred for its benefit at, moving through, or being transferred and/or wired to or from

banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

14.    The total amount sought to be attached pursuant to the above is $40,636.49.

WHEREFORE, Plaintiff HBC HAMBURG BULK CARRIERS GMBH & CO KG prays:

a.    That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b.    That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$40,636.49** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant JOINT STOCK COMPANY BELARUSSIAN SHIPPING CO. a/k/a BELARUSSIAN SHIPPING CO., including but not limited to ASSETS in its name and/or being transferred for its benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.    That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award entered against the Defendant in the London proceedings; and

d.      For such other, further and different relief as this Court may deem just and proper

in the premises.

Dated: New York, New York
       November 14, 2007

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
HBC HAMBURG BULK CARRIERS GMBH & CO KG

By: _____

Michael E. Unger (MU 0045)
80 Pine Street
New York, NY 10005
(212) 425-1900

## ATTORNEY VERIFICATION

State of New York  )

        ) ss.:

County of New York )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1.  I am an associate with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.  The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3.  The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____

Michael E. Unger

Sworn to before me this
14th day of November 2007

_____

Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/ 0?