583-07/MEU
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
HBC HAMBURG BULK CARRIERS
GMBH & CO KG
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)
Lawrence J. Kahn (LK 5215)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
HBC HAMBURG BULK CARRIERS
GMBH & CO KG,

         Plaintiff,

- against –

JOINT STOCK COMPANY BELARUSSIAN
SHIPPING CO. a/k/a BELARUSSIAN SHIPPING
CO a/k/a BELARUSIAN SHIPPING COMPANY,
TRACER ALLIANCE LTD., RIMEX LIMITED,
DEKKER LIMITED, C/GT GROUP LIMITED,
MALTO LTD., and FORSBERG AND CO. LLP,

         Defendants.
-----------------------------------------------------------------x

07 CIV 10310 (JGK)

**LEE AFFIDAVIT
PURSUANT TO RULE B(1)
AND IN SUPPORT OF
ORDER APPOINTING
PERSON TO SERVE
PROCESS PURSUANT TO
RULE 4(c) AND SCOPE OF
SERVICE**

State of New York )
        ) ss.:
County of New York )

  SUSAN LEE, being duly sworn, deposes and says as follows:

  1.  I am a candidate for membership of the Bar of the United States District Court, Southern District of New York, with pending admission to practice before this Court and I am associated with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff herein.

  2.  This Affidavit is submitted pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure (see paragraphs 3-16, below) and in support of Plaintiff's amended

NYDOCS1/299318.1

application pursuant to Rule 4(c) of the Federal Rules of Civil Procedure (see paragraphs 17-21, below).

**JOINT STOCK COMPANY BELARUSSIAN SHIPPING CO. a/k/a BELARUSSIAN SHIPPING CO. a/k/a BELARUSIAN SHIPPING COMPANY**
<u>**IS NOT FOUND WITHIN THE SDNY**</u>

3. Deponent has made an investigation and deponent believes that based upon the results of this investigation, that Defendant JOINT STOCK COMPANY BELARUSSIAN SHIPPING CO. a/k/a BELARUSSIAN SHIPPING CO. a/k/a BELARUSIAN SHIPPING COMPANY is a corporation or other business entity that cannot be "found" within this District for the purpose of an attachment under Rule B. In support of this position, deponent has conducted the following investigation:

(a) Deponent contacted the office of the New York Department of State, Division of Corporations on February 20, 2008, via the official Department of State website at http://www.dos.state.ny.us and conducted a search for the Defendant and the search results indicated that the Defendant is not a New York corporation, nor is it licensed, authorized or registered to do business in the State of New York as either a domestic or international corporation;

(b) Deponent consulted with Directory Assistance for New York on February 20, 2008 for area codes (212), (347), (718), (917), (646), (914), and (845) and no listing for the Defendant was located;

(c) Deponent reviewed the Journal of Commerce (Business Directory) Transportation Telephone Tickler, 2006 Edition (Vol. 1 New York Metropolitan Area) and no listing was found for the Defendant;

(d) Deponent accessed on February 20, 2008, through Microsoft Internet Explorer and the Yahoo! search engine the yellow pages telephone directory database and

found no listing in that database for any offices or agents of the Defendant within this district;

(e) Deponent is unaware of any general or managing agent(s) within this District for the Defendant.

(f) Deponent located and reviewed the Respondent's website and found no evidence that Respondent has an office in this District or is otherwise doing business in the District.

4. Based upon the foregoing, your deponent submits that the Defendant cannot be "found" within this District for the purpose of an attachment pursuant to Rule B and seeks an order of attachment against such tangible and intangible property of the Defendant as may be found within this District up to and including the amount of the claim as specified in the Amended Verified Complaint.

## **TRACER ALLIANCE LTD. IS NOT FOUND WITHIN THE SDNY**

5. Deponent has made an investigation and deponent believes that based upon the results of this investigation, that Defendant TRACER ALLIANCE LTD. is a corporation or other business entity that cannot be "found" within this District for the purpose of an attachment under Rule B. In support of this position, deponent has conducted the following investigation:

(a) Deponent contacted the office of the New York Department of State, Division of Corporations on February 20, 2008, via the official Department of State website at http://www.dos.state.ny.us and conducted a search for the Defendant and the search results indicated that the Defendant is not a New York corporation, nor is it licensed, authorized or registered to do business in the State of New York as either a domestic or international corporation;

(b) Deponent consulted with Directory Assistance for New York on February 20, 2008 for area codes (212), (347), (718), (917), (646), (914), and (845) and no listing for the Defendant was located;

(c) Deponent reviewed the Journal of Commerce (Business Directory) Transportation Telephone Tickler, 2006 Edition (Vol. 1 New York Metropolitan Area) and no listing was found for the Defendant;

(d) Deponent accessed on February 20, 2008, through Microsoft Internet Explorer and the Yahoo! search engine the yellow pages telephone directory database and found no listing in that database for any offices or agents of the Defendant within this district;

(e) Deponent is unaware of any general or managing agent(s) within this District for the Defendant.

(f) Deponent searched on February 20, 2008, through Microsoft Internet Explore and Google search engines for a website of Defendant using ordinary search parameters and was unable to locate one.

6. Based upon the foregoing, your deponent submits that the Defendant cannot be "found" within this District for the purpose of an attachment pursuant to Rule B and seeks an order of attachment against such tangible and intangible property of the Defendant as may be found within this District up to and including the amount of the claim as specified in the Amended Verified Complaint.

**RIMEX LIMITED IS NOT FOUND WITHIN THE SDNY**

7. Deponent has made an investigation and deponent believes that based upon the results of this investigation, that Defendant RIMEX LIMITED is a corporation or other business

NYDOCS1/299318.1                                        4

entity that cannot be "found" within this District for the purpose of an attachment under Rule B. In support of this position, deponent has conducted the following investigation:

(a) Deponent contacted the office of the New York Department of State, Division of Corporations on February 20, 2008, via the official Department of State website at http://www.dos.state.ny.us and conducted a search for the Defendant and the search results indicated that the Defendant is not a New York corporation, nor is it licensed, authorized or registered to do business in the State of New York as either a domestic or international corporation;

(b) Deponent consulted with Directory Assistance for New York on February 20, 2008 for area codes (212), (347), (718), (917), (646), (914), and (845) and no listing for the Defendant was located;

(c) Deponent reviewed the Journal of Commerce (Business Directory) Transportation Telephone Tickler, 2006 Edition (Vol. 1 New York Metropolitan Area) and no listing was found for the Defendant;

(d) Deponent accessed on February 20, 2008, through Microsoft Internet Explorer and the Yahoo! search engine the yellow pages telephone directory database and found no listing in that database for any offices or agents of the Defendant within this district;

(e) Deponent is unaware of any general or managing agent(s) within this District for the Defendant.

(f) Deponent searched on February 20, 2008, through Microsoft Internet Explore and Google search engines for a website of Defendant using ordinary search parameters and was unable to locate one.

8.  Based upon the foregoing, your deponent submits that the Defendant cannot be "found" within this District for the purpose of an attachment pursuant to Rule B and seeks an order of attachment against such tangible and intangible property of the Defendant as may be found within this District up to and including the amount of the claim as specified in the Amended Verified Complaint.

### DEKKER LIMITED IS NOT FOUND WITHIN THE SDNY

9.  Deponent has made an investigation and deponent believes that based upon the results of this investigation, that Defendant DEKKER LIMITED is a corporation or other business entity that cannot be "found" within this District for the purpose of an attachment under Rule B. In support of this position, deponent has conducted the following investigation:

(a) Deponent contacted the office of the New York Department of State, Division of Corporations on February 20, 2008, via the official Department of State website at http://www.dos.state.ny.us and conducted a search for the Defendant and the search results indicated that the Defendant is not a New York corporation, nor is it licensed, authorized or registered to do business in the State of New York as either a domestic or international corporation;

(b) Deponent consulted with Directory Assistance for New York on February 20, 2008 for area codes (212), (347), (718), (917), (646), (914), and (845) and no listing for the Defendant was located;

(c) Deponent reviewed the Journal of Commerce (Business Directory) Transportation Telephone Tickler, 2006 Edition (Vol. 1 New York Metropolitan Area) and no listing was found for the Defendant;

(d) Deponent accessed on February 20, 2008, through Microsoft Internet Explorer and the Yahoo! search engine the yellow pages telephone directory database and

found no listing in that database for any offices or agents of the Defendant within this district;

(e) Deponent is unaware of any general or managing agent(s) within this District for the Defendant.

(f) Deponent searched on February 21, 2008, through Microsoft Internet Explore and Google search engines for a website of Defendant using ordinary search parameters and was unable to locate one.

10. Based upon the foregoing, your deponent submits that the Defendant cannot be "found" within this District for the purpose of an attachment pursuant to Rule B and seeks an order of attachment against such tangible and intangible property of the Defendant as may be found within this District up to and including the amount of the claim as specified in the Amended Verified Complaint.

## C/GT GROUP LIMITED IS NOT FOUND WITHIN THE SDNY

11. Deponent has made an investigation and deponent believes that based upon the results of this investigation, that Defendant C/GT GROUP LIMITED is a corporation or other business entity that cannot be "found" within this District for the purpose of an attachment under Rule B. In support of this position, deponent has conducted the following investigation:

(a) Deponent contacted the office of the New York Department of State, Division of Corporations on February 20, 2008, via the official Department of State website at http://www.dos.state.ny.us and conducted a search for the Defendant and the search results indicated that the Defendant is not a New York corporation, nor is it licensed, authorized or registered to do business in the State of New York as either a domestic or international corporation;

(b) Deponent consulted with Directory Assistance for New York on February 20, 2008 for area codes (212), (347), (718), (917), (646), (914), and (845) and no listing for the Defendant was located;

(c) Deponent reviewed the Journal of Commerce (Business Directory) Transportation Telephone Tickler, 2006 Edition (Vol. 1 New York Metropolitan Area) and no listing was found for the Defendant;

(d) Deponent accessed on February 20, 2008, through Microsoft Internet Explorer and the Yahoo! search engine the yellow pages telephone directory database and found no listing in that database for any offices or agents of the Defendant within this district;

(e) Deponent is unaware of any general or managing agent(s) within this District for the Defendant.

(f) Deponent searched on February 21, 2008, through Microsoft Internet Explore and Google search engines for a website of Defendant using ordinary search parameters and was unable to locate one.

12. Based upon the foregoing, your deponent submits that the Defendant cannot be "found" within this District for the purpose of an attachment pursuant to Rule B and seeks an order of attachment against such tangible and intangible property of the Defendant as may be found within this District up to and including the amount of the claim as specified in the Amended Verified Complaint.

### MALTO LTD. IS NOT FOUND WITHIN THE SDNY

13. Deponent has made an investigation and deponent believes that based upon the results of this investigation, that Defendant MALTO LTD. is a corporation or other business

entity that cannot be "found" within this District for the purpose of an attachment under Rule B. In support of this position, deponent has conducted the following investigation:

(a) Deponent contacted the office of the New York Department of State, Division of Corporations on February 20, 2008, via the official Department of State website at http://www.dos.state.ny.us and conducted a search for the Defendant and the search results indicated that the Defendant is not a New York corporation, nor is it licensed, authorized or registered to do business in the State of New York as either a domestic or international corporation;

(b) Deponent consulted with Directory Assistance for New York on February 20, 2008 for area codes (212), (347), (718), (917), (646), (914), and (845) and no listing for the Defendant was located;

(c) Deponent reviewed the Journal of Commerce (Business Directory) Transportation Telephone Tickler, 2006 Edition (Vol. 1 New York Metropolitan Area) and no listing was found for the Defendant;

(d) Deponent accessed on February 21, 2008, through Microsoft Internet Explorer and the Yahoo! search engine the yellow pages telephone directory database and found no listing in that database for any offices or agents of the Defendant within this district;

(e) Deponent is unaware of any general or managing agent(s) within this District for the Defendant.

14. Based upon the foregoing, your deponent submits that the Defendant cannot be "found" within this District for the purpose of an attachment pursuant to Rule B and seeks an order of attachment against such tangible and intangible property of the Defendant as may be

found within this District up to and including the amount of the claim as specified in the Amended Verified Complaint.

**<u>FORSBERG AND CO. LLP IS NOT FOUND WITHIN THE SDNY</u>**

15. Deponent has made an investigation and deponent believes that based upon the results of this investigation, that Defendant FORSBERG AND CO. LLP is a corporation or other business entity that cannot be "found" within this District for the purpose of an attachment under Rule B. In support of this position, deponent has conducted the following investigation:

(a) Deponent contacted the office of the New York Department of State, Division of Corporations on February 20, 2008, via the official Department of State website at http://www.dos.state.ny.us and conducted a search for the Defendant and the search results indicated that the Defendant is not a New York corporation, nor is it licensed, authorized or registered to do business in the State of New York as either a domestic or international corporation;

(b) Deponent consulted with Directory Assistance for New York on February 20, 2008 for area codes (212), (347), (718), (917), (646), (914), and (845) and no listing for the Defendant was located;

(c) Deponent reviewed the Journal of Commerce (Business Directory) Transportation Telephone Tickler, 2006 Edition (Vol. 1 New York Metropolitan Area) and no listing was found for the Defendant;

(d) Deponent accessed on February 20, 2008, through Microsoft Internet Explorer and the Yahoo! search engine the yellow pages telephone directory database and found no listing in that database for any offices or agents of the Defendant within this district;

(e)     Deponent is unaware of any general or managing agent(s) within this District for the Defendant.

(f)     Deponent searched on February 21, 2008, through Microsoft Internet Explore and Google search engines for a website of Defendant using ordinary search parameters and was unable to locate one.

16.    Based upon the foregoing, your deponent submits that the Defendant cannot be "found" within this District for the purpose of an attachment pursuant to Rule B and seeks an order of attachment against such tangible and intangible property of the Defendant as may be found within this District up to and including the amount of the claim as specified in the Amended Verified Complaint.

## REQUEST FOR ORDER APPOINTING SPECIAL PROCESS SERVER

17.    Plaintiff also applies, pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing myself, Lawrence J. Kahn, Manuel A. Molina, Robert Ridenour, Joan Sorrentino, Christina Gargano, or any other partner, associate, paralegal or other agent of Freehill Hogan & Mahar LLP, in addition to the United States Marshal, to serve the Amended Process of Attachment and Garnishment issued pursuant to FRCP Supplemental Rule B upon the named garnishee(s) as well as any other garnishee(s) who (based upon information developed subsequent hereto) may hold assets of, for, or on behalf of the Defendants.

18.    Plaintiff is desirous of serving the Amended Process of Maritime Attachment and Garnishment on the garnishee(s) with all deliberate speed so that it will be fully protected against the possibility of not being able to satisfy a judgment that may ultimately be entered by Plaintiff against the Defendants.

19. To the extent this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it simply involves delivery of the process to the respect of the garnishee(s).

20. Plaintiff also requests that the Court grant it leave to serve any additional garnishee(s) who may be discovered in the course of this litigation to be holding property of the Defendant, within this District. By obtaining leave at this time to serve these other possible garnishees, it will facilitate prompt service of the Amended Process without the need to return to the Court for permission to amend the process simply to name other garnishees.

21. In addition, and to avoid the need to repetitively serve the garnishees/banking institutions, Plaintiff respectfully seeks leave, as embodied in the accompanying Order, for any process served on a garnishee to be deemed effective and continuous throughout any given day on which process is served throughout the next day, provided process is served the next day, to authorize service by facsimile or email following initial service of the process by hand, and to deem such facsimile or email service as being accomplished within this District if such service is transmitted or initiated from within the District.

_____
Susan Lee

Sworn to before me this
21st day of February, 2008

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/ 08